# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 7, 2007**

Charles R. Fulbruge III
Clerk

No. 06-10617

LANCER INSURANCE COMPANY

Plaintiff-Appellee

V.

RHONDA SHELTON, et al.

Defendants-Appellants

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 3:04-CV-1835

Before DENNIS, CLEMENT, and PRADO, Circuit Judges..

PER CURIAM:[*]

Defendants appeal the district court's grant of summary judgment to plaintiff in this declaratory judgment action. For the following reasons, we AFFIRM.

## I. FACTS AND PROCEEDINGS

In July of 1999, Lancer Insurance Co. ("Lancer") issued a $5 million motor carrier liability policy to Rockmore Discovery Coaches & Tours of Milwaukee, Wisconsin ("Rockmore"). The one-year policy covered bodily injury or property

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

damage caused by any accident involving a covered vehicle owned, maintained, or used by Rockmore. Lancer renewed the policy in 2000 and again in 2001. The 2001 policy had an expiration date of July 15, 2002.

On November 14, 2001, Lancer notified Rockmore that it planned to cancel the 2001 policy, effective November 25, 2001, for non-payment of premiums. Rockmore obtained replacement coverage from Republic Western Insurance Co. ("RWIC"). The RWIC policy became effective on December 4, 2001, and also provided $5 million in liability coverage.

On June 24, 2002, a bus driven by a Rockmore employee crashed on Interstate 20 in Kaufmann County, Texas. The crash killed the driver and four passengers and injured 35 other passengers.

Attorneys for the passengers who were injured or killed in the crash made settlement demands on Lancer on the basis of the 2001 policy, as well as other policies that are not at issue. Lancer filed for a declaratory judgment that, inter alia, the 2001 policy was not in effect at the time of the crash. Upon cross-motions for summary judgment, the district court concluded that the policy had been cancelled as of November 25, 2001, and it granted summary judgment to Lancer. The passengers appeal this decision.

## II. STANDARD OF REVIEW

The district court's grant of summary judgment is reviewed de novo. Shell Offshore, Inc. v. Babbitt, 238 F.3d 622, 627 (5th Cir. 2001). The court applies the same standard as the district court. Davidson v. Veneman, 317 F.3d 503, 508 (5th Cir. 2003). The district court's grant of "[s]ummary judgment is appropriate if the record shows 'that there is no genuine issue as to any material fact and the

moving party is entitled to judgment as a matter of law.'" Shell Offshore, 238 F.3d at 627 (quoting FED. R. CIV. P. 56(c)).

## III. DISCUSSION

Appellants assert that the 2001 policy was in effect on June 24, 2002, despite having been cancelled by the insurer and replaced with another policy by the insured as of December 4, 2001.[1]  Appellants contend that despite the unequivocal intent of both Rockmore and Lancer, and despite the fact that Rockmore ceased paying premiums, the policy remained in effect following Lancer's cancellation because Lancer failed to comply with various state laws governing policy cancellation.

The 2001 policy contains provisions governing cancellation of the policy in the event of nonpayment of premiums.  The policy may be cancelled following sufficient notice to the insured.  The parties do not dispute that Lancer gave Rockmore sufficient notice to effect cancellation under this portion of the policy.

The 2001 policy also contains a Uniform Motor Carrier Bodily Injury and Property Damage Liability Insurance Endorsement ("Form F"), which protects third parties against the possibility that a motor carrier will be underinsured with regard to the requirements of state or federal law.  Texas requires that all motor carriers operating in the state obtain insurance in the minimum amount required by state law.  TEX. TRANSP. CODE ANN. § 643.101.  Form F provides, in part:

> The certification of the policy, as proof of financial responsibility under the provisions of any State motor carrier law . . . amends the

---

[1] The RWIC policy was held in an earlier case to have been in effect at the time of the crash.  See Republic W. Ins. Co. v. Rockmore, No. 3-02-CV-1569-K, 2005 WL 57284, at *11 (N.D. Tex. Jan. 10, 2005).

policy to provide insurance for automobile bodily injury and property damage liability in accordance with the provisions of such law or regulations to the extent of the coverage and limits of liability required thereby[.]

With regard to cancellation, Form F states:

This endorsement may not be cancelled without cancellation of the policy to which it is attached. Such cancellation may be effected by the company or the insured giving thirty (30) days' notice in writing to the State Commission with which such Certificate has been filed, such thirty (30) days' notice to run from the date the notice is actually received in the office of such Commission.

Lancer's Form F indicates that certificates of insurance were filed in Arkansas, Florida, Minnesota, Missouri, Nebraska, Ohio, Tennessee, Texas, and Wisconsin. Though Lancer notified Rockmore and federal transportation authorities that the policy was cancelled, Appellants assert that because it did not give notice to these states, the policy remained in effect.[2] Appellants essentially contend that Form F acts as an additional set of cancellation requirements, even when the insurer and the insured no longer wish to keep the policy in place and the insured purchases coverage from another insurer.

Texas law, which governs these events, makes clear that insurers do not need to give notice to the state in order to effect cancellation when replacement coverage has been purchased. 43 TEX. ADMIN. CODE § 18.16(f). This is in keeping with the language of Form F, which provides that "cancellation may be effected" by giving notice to the state. Nothing in Form F or elsewhere suggests that no other modes of policy cancellation are permissible. Consequently,

---

[2] Each state has its own certification and notice requirements. Because Texas law governs the facts of this case, we need only examine whether the policy was cancelled according to Texas's requirements, which do not mention or rely on the requirements that other states might have.

Lancer's failure to give notice to the state is of no moment because Rockmore subsequently purchased the RWIC policy.

This result is in keeping with the policy behind Texas's coverage requirements and Form F, which exists "to ensure that liability insurance is always available for the protection of motorists injured by commercial motor carriers." Nat'l Cas. Co. v. Lane Express, Inc., 998 S.W.2d 256, 263 (Tex. App. 1999). When the insured purchases replacement coverage, the state's interest in protecting innocent third parties from uninsured carriers is satisfied by the second policy. Truck Ins. Exch. v. E.H. Martin, Inc., 876 S.W.2d 200, 203 (Tex. App. 1994) ("However, this cancellation procedure is not required if another insurance company has insured the common carrier with replacement coverage."). Federal provisions designed to protect motorists operate in an identical manner. See 49 C.F.R. § 387.7(c) ("The liability of the retiring insurer or surety, as to events after the termination date, shall be considered as having terminated on the effective date of the replacement policy of insurance . . . .").

Because Rockmore purchased replacement coverage that was effective at the time of the crash, the 2001 policy and accompanying Form F endorsement were no longer in effect. The district court correctly granted summary judgment to Lancer.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM.