# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2022

Lyle W. Cayce
Clerk

No. 21-40846

National Liability & Fire Insurance Company,

*Plaintiff—Appellee*,

*versus*

Riata Cattle Company, Incorporated, also known as Riata Cattle Co.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CV-234

Before Graves, Willett, and Engelhardt, *Circuit Judges*.
James E. Graves, Jr., *Circuit Judge*:

This insurance coverage dispute arises from underlying litigation in a single vehicle accident that led to a lawsuit by Joshua Ochoa against his employer, Riata Cattle Company, Inc. ("Riata"). Ochoa sued Riata in Texas state court alleging that he suffered bodily injury when Riata's truck, which he was driving, malfunctioned and crashed due to Riata's failure to repair and maintain it. Ochoa also alleged that Riata committed negligence and gross negligence by failing to provide him with safe equipment, failing to warn him

No. 21-40846

of any dangers, failing to inspect or repair the equipment, and other negligence theories.

Riata sought coverage defense from its auto liability insurer, National Liability & Fire Insurance Company ("National Liability"), which is currently defending Riata in the underlying litigation under a reservation of rights letter. National Liability subsequently filed a declaratory judgment action in federal court, seeking a determination that it owes Riata neither a defense nor indemnity under the insurance policy (the "Policy"). National Liability contends it is entitled to a declaratory judgment because the Policy excludes coverage for employees of Riata. Riata seems to concede this argument but contends that the "Form F" endorsement on the Policy compels National Liability to defend and indemnify Riata. Because it does not, we AFFIRM.

## Procedural Background

On August 5, 2021, the district court judge conducted a hearing during which he expressed agreement with National Liability's summary judgment arguments. The court, however, encouraged the parties to settle the case, stating that he had "indicated what I thought if I had to rule on a Motion for Summary [Judgment], where I would go[,]" but made clear that this statement was not a ruling. Specifically, the district court judge stated that if the parties fail to have successful settlement discussions "we'll just set it for a hearing for me to rule on this, okay?"

When the parties did not reach a settlement, the district court held a status conference on October 7, 2021, and granted National Liability's summary judgment motion. Ruling from the bench, the court stated:

> it would appear to the Court that the Plaintiff is entitled to judgment in this matter. It would appear to the Court, because there is the

> exclusion with regards to employees, it would also be unclear to me that there would be anything in Form F that would change that. Therefore, the Court is going to grant judgment for the Plaintiff in this case.

Six days later, the district court issued a one-page judgment granting National Liability's Motion for Summary Judgment, deciding that National Liability "owes no duty to defend or indemnify [Riata], or duty to pay any judgment to Defendant Joshua Ochoa in, or for any claims related to [the pending state court claim]." The district court did not further articulate its reasoning in writing but stated that the Motion for Summary Judgment "should be GRANTED for the reasons stated on the record."

## Standard of Review

We review *de novo* a district court's grant of summary judgment. *Aguirre v. City of San Antonio*, 995 F.3d 395, 405 (5th Cir. 2021). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). We may affirm on any grounds supported by the record and presented to the district court. *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008).

## Discussion

The district court made two rulings: (1) the Policy provides an exclusion with regard to the lawsuit brought by Riata's employee, Ochoa; and (2) the Form F endorsement does not change that exclusion. The district court came to this conclusion because "it couldn't be clearer in the insurance policy . . . [that the employee is] not covered." As for Form F, the district

No. 21-40846

court rested its decision on the fact that "Form F's supposed to protect the public from injuries caused by - - and is this really the public that is doing business with them? No, it's their employee."

Under the exclusion section of the Policy, coverage does not apply to an "'[e]mployee' of the 'insured' arising out of any course of: (1) employment by the 'insured' or (2) performing the duties related to the conduct of the 'insured's' business." An "'[e]mployee' includes a 'leased worker,' but does not include a 'temporary worker.'" A leased worker is not relevant for this case, and a "temporary worker" is defined as "a person who is furnished to you to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions." During oral argument, Riata's counsel referenced the "temporary worker" exclusion to the employee exclusion but could not explain whether Ochoa was a temporary employee or not. More importantly, Riata did not allege that Ochoa was a temporary employee in the district court or in its appellate brief. In the underlying litigation, Ochoa alleged that he "was working in the course and scope of his employment with Defendant when he sustained serious and permanent injuries when the tractor trailer rig Defendant owned and provided to Plaintiff to drive, malfunctioned and caused a crash." Therefore, it is undisputed that Ochoa is Riata's employee and Riata is excluded from coverage under the Policy.

Riata contends that the finding that Ochoa is its employee is not the end of the analysis. Specifically, Riata claims that the Form F endorsement "overrides exclusions in the underlying policy to provide an independent duty to defend[.]" Form F provides, in part,

> [t]he certification of the policy, as proof of financial responsibility under the provisions of any state motor carrier law or regulation promulgated by any state commission having

4

No. 21-40846

> jurisdiction with respect thereto, amends the policy to provide insurance for automobile bodily injury and property damage liability in accordance with the provisions of such law or regulations to the extent of the coverage and limits of liability required thereby; provided only that the insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except by reason of the obligation assumed in making such certification.

Like other boilerplate insurance endorsements, Form F is included in many insurance policies. In this case, however, "[o]ne must refer to Texas law to know what Form F means; otherwise, the form does nothing. The form is the product of Texas' regulation of motor carriers." *Canal Indem. Co. v. Williams Logging & Tree Servs., Inc.*, 714 F. Supp. 2d 654, 656 (S.D. Tex. 2010).

Form F is a statutorily required proof of insurance. TEX. TRANSP. CODE § 643.103. On its face, Form F does not guarantee anything. It exists to certify the policy as required by applicable regulations. Texas Transportation Code § 643.103 provides that "[a] motor carrier that is required to register under Subchapter B must file with the [Texas Department of Motor Vehicles ("TxDMV")] evidence of insurance . . . or evidence of financial responsibility . . . in a form prescribed by the [TxDMV]." The form prescribed by the TxDMV refers to Texas Transportation Code § 643.051, which provides, in part, that "a motor carrier may not operate a commercial motor vehicle . . . on a road or highway of this state unless the carrier registers with the [TxDMV] under this subchapter." These regulations require insurers to file Form F with the TxDMV. Under Texas law, Form F "protects third parties against the possibility that a motor carrier will be underinsured with regard to the

requirements of state or federal law." *Lancer Ins. Co. v. Shelton*, 245 F. App'x 355, 357 (5th Cir. 2007). And these regulations—which are designed to protect the public—are different and distinct from regulations that protect employees. As the district court noted, "[t]here is a difference between the public as opposed to -- that would be somebody who's not working for them who feels that they did something and that's the format coverage but, in this case, it is not a member of the public, it is an employee. Who are excluded already in the insurance contract, to begin with."

In *Scottsdale Ins. Co. v. Oklahoma Transit Auth., Inc.*, No. 06-CV-359-CVE-SAJ, 2008 WL 896639 (N.D. Okla. Mar. 28, 2008), the district court recognized Form F as "a uniform document used by many insurance companies across the country to comply with state law compulsory insurance requirements for motor carriers." *Id.* at *6. "The purpose of state compulsory insurance laws and Form F is to protect members of the public who have been injured by the negligent acts of a motor carrier even if the vehicle involved in an accident is not covered under the motor carrier's insurance policy." *Id.*; *see also John Deere Ins. Co. v. Bachicha*, No. CV 98-111 WWD/DJS, 1998 WL 36030436, at *1 (D.N.M. Aug. 26, 1998) ("Form F has no effect on the validity of the employee exclusions in the policy" where the employer was not required by state law to obtain workers' compensation insurance or where workers' compensation was otherwise not available).

Insurance contract endorsements frequently modify the terms of an insurance policy. But this is not the scenario here. Rather, Form F is a boilerplate endorsement filed with the Texas Department of Motor Vehicles and it serves as a "guaranty to the public that the insurer will be liable for any damages awarded if the insured is unable to pay." *Scottsdale Ins.*, 2008 WL 896639, at *5; *Lancer Ins. Co.*, 245 F. App'x at 358 (Form F exists "to ensure that liability insurance is always available for the protection of motorists injured by commercial motor carriers" (quoting *Nat'l Cas. Co. v. Lane*

No. 21-40846

*Express, Inc.*, 998 S.W.2d 256, 263 (Tex. App. 1999))). Employees are not considered members of the public for the purposes of Form F. Therefore, Form F does not save Riata's claims for coverage under the Policy.

## Conclusion

Ochoa is an employee of Riata, and according to the applicable Policy, National Liability is excluded from providing insurance coverage to Riata for the underlying litigation. And Form F does not change the employee exclusion in the Policy. The district court is AFFIRMED.[1]

---

[1]Appellant also argues that a decision regarding a duty to defend might be premature. However, a declaratory judgment is the proper avenue to challenge this issue. *Eng. v. BGP Int'l, Inc.*, 174 S.W.3d 366, 371 (Tex. App. 2005) ("Because the duty to defend may be decided in an action for declaratory judgment, the trial court incorrectly determined that English's claim was premature.").